ROSE LEVINE. PLAINTIFF-RESPONDENT, v. JACOB ACKEN-
BOUT, DEFENDANT, AND ABRAM MALAYFSKY, DE-
FENDANT-APPELLANT.

Submitted October term, 1927—Decided February 14, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK
and LLOYD.

For the respondent, *Feinberg & Feinberg*.

For the appellant, *Hobart & Minard*.

PER CURIAM.

This is an action to recover damages for personal injuries
to the plaintiff received in a collision between two automo-
biles, one driven by the defendant Malayfsky, and the other
by the defendant Ackenbout, the plaintiff being at the time
an occupant of Malayfsky's car. There was a verdict against
both defendants and Malayfsky appeals. The grounds of ap-
peal are that the court erred in refusing to charge the follow-
ing requests for instruction:

"2. Unless you find that the defendant Malayfsky was
guilty of negligence in the manner charged in the complaint,
you must find for the defendant Abram Malayfsky.

"4. Unless you find that the defendant Abram Malayfsky
invited Mrs. Levine to ride with him, your verdict must be
for the defendant Abram Malayfsky.

"5. If you find that the defendant Malayfsky did not in-
vite Mrs. Levine the plaintiff to ride with him, but that she
asked him to take her for a ride or to let her ride with him,
then I charge you your verdict must be for the defendant
Abram Malayfsky."

One of the issues in the case was the relation which the plaintiff bore to the defendant Malayfsky, in whose car she was riding, it being contended by the former that she was an invitee and by the defendant that she was a licensee only. The requests were therefore pertinent, but we think they were substantially charged in the general instructions given by the learned judge to the jury. In the charge negligence generally was clearly and accurately defined, and with like clarity the jury was told that the negligence defined applied to Malayfsky provided he had invited the plaintiff to go riding with him, but that if she invited herself the defendant only owed a duty not to wantonly or willfully injure her, and of which wanton or willful conduct he could see no evidence. This we think must have been understood by the jury as making the defendant's liability depend upon a finding that the plaintiff was riding at Malayfsky's invitation and that she was injured as a result of his negligence.

Appellant has not shown that his substantial rights were injuriously affected by the denial of the instructions prayed (Practice Act 1912, page, 382, section 27), and the judgment will be affirmed.